IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20141-04-KHV |
| FRANK SHARRON PIPER, III, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On May 14, 2014, the Honorable Scott W. Skavdahl of the United States District Court for the District of Wyoming, sitting by designation, sentenced defendant to 135 months in prison. This matter is before the Court on defendant's Motion For Sentence Reduction (Doc. #944) filed September 16, 2015. Defendant seeks relief under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1.

Section 3582(c)(2) permits the Court to reduce a sentence if a defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) sets forth a two-step inquiry. See Dillon v. United States, 560 U.S. 817, 826-27 (2010); United States v. Green, --- F. App'x ----, 2015 WL 5316506, at *3 (10th Cir. Sept. 14, 2015). First, as a matter of law, the Court must determine whether a sentence reduction is authorized under the statute. United States v. White, 765 F.3d 1240, 1245 (10th Cir. 2014). Second, as a matter of discretion, the Court determines whether an authorized reduction is in fact warranted. Id. In the second step, the Court must consider Section 3553(a) sentencing factors including the nature, seriousness and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further

crimes by defendant, and any threat to public safety. United States v. Osborn, 679 F.3d 1193, 1195-96 (10th Cir. 2012). While not mandatory, the Court may also consider defendant's post-sentencing conduct. Osborn, 679 F.3d at 1195; see United States v. Meridyth, 573 F. App'x 791, 794 (10th Cir. 2014); U.S.S.G. § 1B1.10 cmt. n.1(B).

The government agrees that defendant is eligible for relief under Amendment 782, but claims that a reduction is not warranted in light of defendant's post-sentencing conduct. In particular, the government states that defendant created a rap video which was designed to intimidate witnesses. On November 18, 2014, government agents learned that a video titled "No Leaks Frank James – State to State" had been uploaded to YouTube. That same day, government counsel notified defense counsel of the video and it was removed later that day. The video includes still photographs of pages from defendant's presentence investigation report which summarize statements of cooperators. The video displayed these excerpts next to still photographs of the individuals who made the statements. The video also showed defendant and another individual simulating a trigger-pulling motion with their index fingers when then rap lyrics reached ". . . try to tell on me."

Defendant argues that the Court should not consider the video because the government has not shown that he had anything to do with disseminating it in November of 2014, some six months after the Court sentenced him. Even if defendant had nothing to do with disseminating the video, however, he does not dispute that he created it while on release in this case and allowed someone else to preserve a copy. The fact that defendant created the video was not known at the time of sentencing and certainly would have been relevant to the sentencing determination.[1] Because defendant created the video before

---

[1] Defendant also argues that the Court should grant relief because he did not disseminate the video. Defendant does not suggest any innocent motive in creating the video. The Court
(continued...)

-2-

his sentencing, it does not appear that the Bureau of Prisons has addressed this conduct. Accordingly, the Court finds that defendant's conduct in creating the video should be considered in determining whether a reduced sentence is warranted under Section 3582(c)(2). See Meridyth, 573 F. App'x at 794; Osborn, 679 F.3d at 1195; cf. United States v. Walker, No. 04-20063-01-JWL, 2008 WL 2050853, at *1 (D. Kan. May 12, 2008) (BOP has adequate sanctions to address inmate misconduct).[2]

The Court notes that at sentencing, Judge Skavdahl granted the parties' joint motion to depart downward from a Criminal History Category II to a Criminal History Category I because Category II overrepresented the seriousness of defendant's criminal history. Judge Skavdahl sentenced defendant to 135 months in prison, which was the low end of the guideline range of 135 to 168 months. The parties agree that under Amendment 782, defendant's amended guideline range is 121 to 151 months. In determining whether a reduction of defendant's sentence is warranted and the extent of any reduction, the Court has considered the Section 3553(a) factors including the nature, seriousness and circumstances of the offense, the history and characteristics of defendant, the need to protect the public from further crimes by defendant, and any threat to public safety. Specifically, the Court has considered the scope of defendant's conduct in connection with the instant offenses and the significant danger to the community by defendant's participation in the distribution of some 45 kilograms of cocaine. After balancing the above factors and considering the post-sentencing discovery of defendant's rap video, the Court finds that a sentence of 135 months in prison (the original sentence

---

[1](...continued)
reasonably concludes that defendant created the video so that it would be disclosed, viewed and construed as a threat to cooperators.

[2] The creation of the video, which occurred before defendant was sentenced, is technically not "post-sentencing conduct." Even so, the Court considers the fact as part of the Section 3553 sentencing factors.

and near the middle of the amended guideline range of 121 to 151 months) is sufficient but not greater than necessary to meet the sentencing factors set forth in Section 3553(a).  Accordingly, the Court overrules defendant's Section 3582(c)(2) motion to reduce his sentence below 135 months.

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction (Doc. #145) filed July 22, 2015 be and hereby is **OVERRULED**.

Dated this 12th day of November, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge