IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 12-20141-04-KHV |
| ) | |
| FRANK SHARON PIPER, III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On May 14, 2014, the Honorable Scott W. Skavdahl of the United States District Court for the District of Wyoming, sitting by designation, sentenced defendant to 135 months in prison. On November 12, 2015, the Court overruled defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2). See Memorandum And Order (Doc. #952). This matter is before the Court on defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10(a) And (b) Of Amendment 782 – Drug Minus Two (Doc. #1081) filed September 4, 2018, which the Court construes as a motion to reconsider the denial of defendant's prior Section 3582(c)(2) motion. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On January 8, 2014, defendant pled guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and to maintain a drug-involved premises in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. As noted, Judge Skavdahl sentenced defendant to 135 months in prison.

On September 16, 2015, defendant filed a Motion For Sentence Reduction (Doc. #944) under 18 U.S.C. § 3582(c)(2). Defendant sought relief under Amendment 782 to the United

States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1. On November 12, 2015, the Court overruled defendant's motion. See Memorandum And Order (Doc. #952). The Court found that defendant was eligible for relief, but that a reduced sentence was not warranted under Section 3582(c)(2). See id. at 2-4. In addition to the applicable factors under 18 U.S.C. § 3553(a), the Court noted that post-sentencing information showed that defendant had created a rap video so that it would be disclosed, viewed and construed as a threat to cooperators. See id.

Defendant appealed the Court's denial of his motion to reduce sentence. Notice Of Appeal (Doc. #954) filed November 19, 2015. On October 25, 2016, the Tenth Circuit affirmed. See United States v. Piper, 839 F.3d 1261 (10th Cir. 2016). On June 19, 2017, the Supreme Court denied defendant's petition for a writ of certiorari. See United States v. Piper, 137 S. Ct. 2263.

On December 18, 2017, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, which asserted that in the district and appellate court proceedings, counsel provided ineffective assistance on his motion to reduce sentence under Section 3582(c)(2). See Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1048). On March 12, 2018, the Court overruled defendant's motion. See Memorandum And Order (Doc. #1063-1). Defendant did not appeal.

On September 4, 2018, defendant filed the instant motion under Section 3582(c)(2) and Amendment 782.

**Analysis**

Defendant has titled his motion as one to reduce his sentence under Section 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. As explained above, defendant previously filed a

Section 3582(c)(2) motion under Amendment 782. The Court has jurisdiction to consider a second Section 3582(c)(2) motion under the same amendment. See United States v. Green, 886 F.3d 1300, 1306 (10th Cir. 2018). But see United States v. Redd, 630 F.3d 649 (7th Cir. 2011) (prisoner may file only one motion per retroactive change in Guidelines). In substance, however, defendant's motion seeks reconsideration of this Court's ruling denying him relief. See Motion For Reduction Of Sentence (Doc. #1081) at 3 ("All I'm asking is that you reconsider giving me the sentence reduction."). In particular, defendant challenges this Court's factual finding that he was involved in creating a video so that it would be disclosed, viewed and construed as a threat to cooperators. Compare Memorandum And Order (Doc. #952) at 3 n.1 (finding that defendant created video) with Motion For Reduction Of Sentence (Doc. #1081) at 3 (asserting that defendant had no knowledge or input in creating or editing "lyrical content" of video).

The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider. Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases. United States v. Powell, No. 11-CR-00036-KHV-1, 2016 WL 912162, at *4 (D. Colo. Mar. 4, 2016); see United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010). Because defendant's motion is well beyond the 28-day deadline for a motion under Rule 59(e), Fed. R. Civ. P., the Court evaluates his motion under the more expansive time limits under Rule 60, Fed. R. Civ. P.

The Court has discretion to grant or deny a motion for relief from an order under Rule 60(b). See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Under Rule

60(b), the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Defendant asserts a claim of judicial mistake. As with Rule 60(b)(1) motions, a motion to reconsider an order denying relief under Section 3582(c)(2) must be filed within the deadline to file an appeal. United States v. Randall, 666 F.3d 1238, 1243 (10th Cir. 2011); see United States v. Muldrow, 612 F. App'x 508, 511 (10th Cir. 2015) (motion to reconsider denial of Section 3582(c)(2) motion untimely where filed after deadline to appeal); see also Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 (10th Cir. 1996) (party cannot assert judicial mistake in Rule 60(b)(1) motion unless motion filed by deadline for filing notice of appeal). Upon a showing of excusable neglect, a Rule 60(b)(1) motion asserting a judicial mistake of law or fact can be filed as late as one year after the judgment or order is entered. See Fed. R. Civ. P. 60(c)(1) (motion under Rule 60(b)(1), (2) or (3) must be made within reasonable time no more than one year after entry of judgment or order); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S.

380, 393 (1993) (if party is partly to blame for delay, neglect must be excusable and relief must be sought within one year under subsection (1)).  Here, defendant cannot assert a motion under Rule 60(b)(1) nearly three years after the Court denied his Section 3582(c)(2) motion.

Under Rule 60(b)(6), claims of judicial error can be asserted within a "reasonable time" after entry of the challenged judgment or order.  See Fed. R. Civ. P. 60(c)(1).  While Rule 60(b)(6) embraces the broad equitable powers of district courts, the Court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when it offends justice to deny relief.  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005); Yapp, 186 F.3d at 1232.  For several reasons, defendant has not satisfied these standards.

First, Rule 60(b)(6) cannot be invoked to challenge judicial mistakes which the party should have raised under Rule 60(b)(1).  The Supreme Court has noted that Rule 60(b)(6) is "mutually exclusive" with the other subsections of Rule 60(b).  Pioneer, 507 U.S. at 393.  A party who fails to take timely action under subsections (1) through (5) may not seek relief later by resorting to subsection (6).  Id.; Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988); see Wallace v. McManus, 776 F.2d 915, 916 (10th Cir. 1985) (Rule 60(b)(6) relief not available if asserted grounds for relief covered by another provision of Rule 60(b)).  Because defendant did not timely seek relief from the alleged mistake under Rule 60(b)(1), he is not entitled to relief under Rule 60(b)(6).

Second, Rule 60(b)(6) cannot be used as a substitute for raising arguments on direct appeal or as a challenge to the appellate court's earlier ruling.  See Cummings v. Gen. Motors Corp., 365 F.3d 944, 955 (10th Cir. 2004) (relief under Rule 60(b) not substitute for appeal); see also Cashner, 98 F.3d at 580 (broad power granted by subsection (6) not for purpose of relieving party

from free, calculated and deliberate choices; party has duty to take legal steps to protect interests). Here, the Tenth Circuit affirmed this Court's ruling which denied relief under Section 3582(c)(2). In doing so, the Tenth Circuit found that this Court did not clearly err in finding that defendant "created the video so that it would be disclosed, viewed and construed as a threat to cooperators." Piper, 839 F.3d at 1270. Rule 60(b)(6) relief is not an alternative to the normal appeal process or an additional avenue to challenge the appellate court's ruling.

Finally, defendant has not shown extraordinary circumstances which justify relief or that denying relief would offend justice. Defendant argues that the Court erred by finding that he was involved with the video, but this Court and the Tenth Circuit have already considered this precise factual issue and have given defendant an adequate forum to address his claims. See Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (Rule 60(b)(6) relief available only where exceptional circumstances have denied moving party full and fair opportunity to litigate claim and have prevented party from receiving adequate redress); Atkinson v. Prudential Prop. Co., 43 F.3d 367, 373 (8th Cir. 1994) (exceptional circumstances relevant only where they bar adequate redress). Defendant merely seeks to have the Court reexamine the same issue based on the same evidence. See Lebahn v. Owens, 813 F.3d 1300, 1306 (10th Cir. 2016) (Rule 60(b) motion not appropriate vehicle to advance new arguments or supporting facts available but not raised at time of original argument).

In addition to the limitations on Rule 60(b) motions, the Court also overrules defendant's motion under the law of the case doctrine which counsels against any attempt to reconsider an issue that the Tenth Circuit has already adjudicated. See Arizona v. California, 460 U.S. 605, 618 (1983) (under law of case doctrine, once court decides rule of law, decision continues to govern

same issues in subsequent stages of same case). Under the law of the case doctrine, the Court would reach the same result whether defendant's motion is construed as a Rule 60(b) motion or a successive motion under Section 3582(c)(2).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Reduction Of Sentence Pursuant To 18 U.S.C. §3582(c)(2) And U.S.S.G. §1B1.10(a) And (b) Of Amendment 782 – Drug Minus Two</u> (Doc. #1081) filed September 4, 2018, which the Court construes as a motion to reconsider the denial of defendant's prior Section 3582(c)(2) motion, is **OVERRULED**.

Dated this 17th day of October, 2018 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge