**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20141-04-KHV |
| | ) | |
| FRANK SHARON PIPER, III, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On May 14, 2014, the Honorable Scott W. Skavdahl of the United States District Court for the District of Wyoming, sitting by designation, sentenced defendant to 135 months in prison. This matter is before the Court on defendant's Renewed Motion To Reduce Sentence Due To Retroactive Guideline Amendments 782/788 (Doc. #1125) and Motion Requesting Appointment Of Counsel (Doc. #1126), both filed June 28, 2019. For reasons stated below, the Court overrules defendant's motions.

**Factual Background**

On January 8, 2014, defendant pled guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and to maintain a drug-involved premises in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. As noted, Judge Skavdahl sentenced defendant to 135 months in prison.

On September 16, 2015, defendant filed a Motion For Sentence Reduction (Doc. #944) under 18 U.S.C. § 3582(c)(2). Defendant sought relief under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1. On November 12, 2015, the Court

overruled defendant's motion.  See Memorandum And Order (Doc. #952).  The Court found that defendant was eligible for relief, but that a reduced sentence was not warranted under Section 3582(c)(2).  See id. at 2-4.  In addition to the applicable factors under 18 U.S.C. § 3553(a), the Court noted post-sentencing information which showed that defendant had created a rap video so that it would be disclosed, viewed and construed as a threat to cooperators.  See id.  Defendant appealed the Court's denial of his motion to reduce sentence.  On October 25, 2016, the Tenth Circuit affirmed.  See United States v. Piper, 839 F.3d 1261 (10th Cir. 2016).  On June 19, 2017, the Supreme Court denied defendant's petition for a writ of certiorari.  See United States v. Piper, 137 S. Ct. 2263.

On December 18, 2017, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, which asserted that in the district and appellate court proceedings, counsel provided ineffective assistance on his motion to reduce sentence under Section 3582(c)(2).  See Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1048).  On March 12, 2018, the Court overruled defendant's motion.  See Memorandum And Order (Doc. #1063-1).   Defendant did not appeal.

On September 4, 2018, defendant filed a second motion under Section 3582(c)(2) and Amendment 782.  On October 17, 2018, the Court overruled defendant's motion.  See Memorandum And Order (Doc. #1106).  Defendant did not appeal.

This matter is before the Court on defendant's renewed motion for relief under Section 3582(c)(2) and Amendment 782.  Defendant again argues that the government's post-sentencing discovery of a rap video should not prevent him from receiving a reduced sentence.  Renewed Motion To Reduce Sentence (Doc. #1125) at 2.  Defendant continues to deny prior knowledge of the making of the video, which was produced six months after his incarceration.

See id. at 3.

## Analysis

**I.      Renewed Motion To Reduce Sentence (Doc. #1125)**

Defendant's present motion is his third motion seeking relief under Amendment 782 to the Sentencing Guidelines. As a renewed motion under Section 3582(c)(2), the Court overrules defendant's motion for substantially the reasons stated in the Court's prior orders and the Tenth Circuit's mandate on defendant's initial Section 3582(c)(2) motion. See United States v. Piper, 839 F.3d 1261 (10th Cir. 2016); Memorandum And Order (Doc. #1106); Memorandum And Order (Doc. #1063-1); Memorandum And Order (Doc. #952).

To the extent that defendant's present motion could be construed as a motion to reconsider, the Court overrules it. At this stage, the Court evaluates a motion to reconsider under the standards of Rule 60(b) of the Federal Rules of Civil Procedure. See Memorandum And Order (Doc. #1106) at 3 (although criminal rules do not expressly provide for motions to reconsider, courts ordinarily apply same standards that apply in civil case). Defendant cannot seek relief under Rule 60(b)(1) more than three years after the Court initially denied his Section 3582(c)(2) motion. See United States v. Randall, 666 F.3d 1238, 1243 (10th Cir. 2011) (motion to reconsider order denying relief under Section 3582(c)(2) must be filed within deadline to file an appeal); see also Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 (10th Cir. 1996) (party cannot assert judicial mistake in Rule 60(b)(1) motion unless motion filed by deadline for filing notice of appeal). Defendant also cannot satisfy the standards for relief under Rule 60(b)(6) because (1) the rule cannot be invoked to challenge judicial mistakes which the party should have raised under Rule 60(b)(1); (2) the rule cannot be used as a substitute for raising arguments on direct appeal or as a challenge to the appellate court's earlier ruling; and (3) defendant has not shown

extraordinary circumstances which justify relief or that denying relief would offend justice. Defendant continues to argue that the government's post-sentencing discovery of a rap video should not prevent him from receiving a reduced sentence and he lacked prior knowledge of the video, but this Court and the Tenth Circuit have already considered these issues and have given defendant an adequate forum to address his claims. See Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (Rule 60(b)(6) relief available only where exceptional circumstances have denied moving party full and fair opportunity to litigate claim and have prevented party from receiving adequate redress); Atkinson v. Prudential Prop. Co., 43 F.3d 367, 373 (8th Cir. 1994) (exceptional circumstances relevant only where they bar adequate redress). Defendant merely seeks to have the Court reexamine the same issues based on the same evidence.[1] See Lebahn v. Owens, 813 F.3d 1300, 1306 (10th Cir. 2016) (Rule 60(b) motion not appropriate vehicle to advance new arguments or supporting facts available but not raised at time of original argument). In addition to the limitations on Rule 60(b) motions, defendant's request to reconsider this Court's rulings is improper under the law of the case doctrine which counsels against any attempt to reconsider an issue that the Tenth Circuit has already adjudicated. See Arizona v. California, 460 U.S. 605, 618 (1983) (under law of case doctrine, once court decides rule of law, decision continues to

---

[1] In his reply, defendant asserts "new found evidence" that counsel provided ineffective assistance in the district and appellate court proceedings. See Defendant's Response To Government's Denial Of Motion For Sentence Reduction (Doc. #1131) filed July 31, 2019 at 3. Defendant cites a letter from counsel dated January 19, 2016, but the letter is not "new found evidence." Defendant previously presented this letter and claim in his Section 2255 motion filed December 18, 2017. See Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1048) (raising claims that in district and appellate court proceedings, counsel provided ineffective assistance on motion to reduce sentence under Section 3582(c)(2)). Because defendant had no constitutional or statutory right to counsel on his Section 3582(c)(2) motion, the Court overruled defendant's Section 2255 motion. See Memorandum And Order (Doc. #1063-1). Defendant did not appeal.

govern same issues in subsequent stages of same case).

## II.    Motion For Appointment Of Counsel (Doc. #1126)

Defendant seeks appointment of counsel to assist with his renewed motion under Amendment 782.  In determining whether to appoint counsel in the analogous context in civil cases, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims.   See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not entitled to counsel.   As explained above, this Court has reviewed defendant's claim and repeatedly rejected it.   Moreover, his claim is not particularly complex factually or legally, and he is able to adequately present his claim.  Accordingly, the Court overrules defendant's motion to appoint counsel.

**IT IS THEREFORE ORDERED** that defendant's Renewed Motion To Reduce Sentence Due To Retroactive Guideline Amendments 782/788 (Doc. #1125) filed June 28, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion Requesting Appointment Of Counsel (Doc. #1126) filed June 28, 2019 is **OVERRULED**.

Dated this 26th day of August, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge