IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20141-04-KHV |
| | ) | |
| FRANK SHARRON PIPER, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On May 14, 2014, the Honorable Scott W. Skavdahl of the United States District Court for the District of Wyoming, sitting by designation, sentenced defendant to 135 months in prison. This matter is before the Court on defendant's Motion To Terminate Term Of Supervised Release (Doc. #1242) filed September 25, 2023. The United States Probation Office supports defendant's motion, but the United States Attorney opposes it. For reasons stated below, the Court sustains defendant's motion.

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court has "broad discretion" to grant or deny termination of supervised release. Rhodes v. Judiscak, 676 F.3d 931, 934 (10th Cir. 2012) (citing Burkey v. Marberry, 556 F.3d 142, 144–45 (3d Cir. 2009)).

The Court has considered the positions of the United States Attorney and the United States Probation Office, as well as the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). For substantially the reasons stated in defendant's Motion To Terminate Term Of Supervised Release (Doc. #1242), the Court finds that defendant's

term of supervised release should be terminated. In particular, defendant's post-sentencing conduct and rehabilitation have been exemplary. In prison, he completed BOP's RDAP, residential and non-residential drug treatment program. He also completed 60 educational courses and became an ordained minister. After release, he participated in and completed a one-year substance use disorder program at The Guidance Center. He also restarted an organization called No Leaks Stop the Violence Foundation, which is engaged in several charitable efforts in the community. He co-owns and performs maintenance on some 15 properties. He has done well on supervision, maintained contact with his supervising officer and has no violations of the terms of supervised release. It does not appear that continued supervision would be helpful or necessary to ensure that defendant continues to adjust to his release after prison.

The government argues that the Court should deny relief because before sentencing in 2014, defendant created a video so that it would be disclosed, viewed and construed as a threat to cooperators. Because the government did not discover the video until after sentencing, Judge Skavdahl did not have this information available when he sentenced defendant to 135 months, the low end of the guideline range. Even so, because of the video, the Court later denied defendant relief under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[1] Because defendant did not receive the benefit of Amendment 782 which lowered

---

[1] On November 12, 2015, the Court overruled defendant's first Section 3582(c)(2) motion. See Memorandum And Order (Doc. #952). The Court found that defendant was eligible for relief, but that a reduced sentence was not warranted. Id. at 2–4. In addition to the applicable Section 3553(a) factors, the Court noted the post-sentencing discovery that defendant had created a video so that it would be disclosed, viewed and construed as a threat to cooperators. Id. On October 25, 2016, the Tenth Circuit affirmed. See United States v. Piper, 839 F.3d 1261 (10th Cir. 2016). The Supreme Court denied defendant's petition for a writ of certiorari. See United States v. Piper, 137 S. Ct. 2263 (June 19, 2017). On October 17, 2018 and August 26, 2019, for

(continued. . .)

the low end of his guideline range to 121 months, he essentially had to serve 14 additional months in prison. The Court does not believe that further punishment for the video is necessary. As explained above, defendant has successfully reintegrated into the community and the Probation Office does not oppose termination of the remaining term of supervised release. For these reasons, the Court sustains defendant's motion for early termination of supervised release.

**IT IS THEREFORE ORDERED** that defendant's Motion To Terminate Term Of Supervised Release (Doc. #1242) filed September 25, 2023 is **SUSTAINED**. The Court terminates the remaining term of defendant's supervised release. Defendant is discharged.

Dated this 27th day of October, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued) substantially the reasons stated in the order on defendant's first Section 3582(c)(2) motion and the Tenth Circuit's order on appeal, the Court overruled defendant's renewed motions for relief under Section 3582(c)(2). See Memorandum And Order (Doc. #1132); Memorandum And Order (Doc. #1106).